Ira GISSEN, Appellant,

v.

Arthur L. TACKMAN et al.

Nos. 75–1299, 75–1804 and 75–2214.

United States Court of Appeals,
Third Circuit.

Argued Nov. 13, 1975.

Reargued May 13, 1976.

Decided July 2, 1976.

Bernard A. Kuttner, Newark, N. J., for appellant.

Jonathan L. Goldstein, U. S. Atty., Maryanne T. Desmond, Asst. U. S. Atty., Newark, N. J., for appellee.

Robert L. Potter, Pittsburgh, Pa., for amicus curiae.

Argued Nov. 13, 1975.

Before ALDISERT, HUNTER and GARTH, Circuit Judges.

Reargued May 13, 1976.

Before SEITZ, Chief Judge, and VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

We granted in banc consideration of this appeal to decide whether the doctrine of immunity for federal officials announced in *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), is available to a federal executive officer sued by a former federal employee on a claim of constitutional deprivation. Because of the intervening decision in *Brown v. General Services Administration,* —— U.S. ——, 96 S.Ct. 1961, 48 L.Ed.2d 402, 44 U.S.L.W. 4704 (June 1, 1976), we have decided not to reach the question.

Appellant left his position with the United States Department of Housing and Urban Development in October 1972. Fourteen months later he filed a complaint in which he asserted a claim "aris[ing] out of the Fifth and Fourteenth Amendments." He alleged that his superiors at HUD discriminated against him by denying him promotions on the basis of his race (caucasian) and religion (Jewish faith). The named defendants, sued both in their official and individual capacities, filed no responsive pleading, but moved to dismiss on the

ground of official immunity. After receiving affidavits, the district court granted defendants' motion and dismissed the complaint for failure to state a claim. Subsequently, appellant filed another complaint, adding statutory jurisdictional grounds, including the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and Title VII of the 1964 Civil Rights Act as amended, 42 U.S.C. § 2000e et seq. The district court dismissed this complaint on res judicata grounds. Gissen timely appealed both orders and the cases were consolidated before us.

■ *Brown v. General Services Administration, supra,* held that § 717 of the Civil Rights Act of 1964, as added by § 11 of the Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261 (codified at 42 U.S.C. § 2000e–16), is the *exclusive* remedy available to an individual federal employee complaining of job-related discrimination. The Supreme Court stated:

Section 717(c) permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination. Attached to that right, however, are certain preconditions. Initially, the complainant must seek relief in the agency that has allegedly discriminated against him. He then may seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission.

—— U.S. at ——, 96 S.Ct. at 1967, 44 U.S.L.W. at 4707. Inasmuch as Brown failed to file a timely complaint—he filed it 42 days after notice of his right to sue instead of within 30 days—the Court held that the district court properly dismissed the case for lack of subject matter jurisdiction.

■ The matter before us is *a fortiori.* Here Gissen failed to seek *any* administrative relief before filing his complaint in federal court. He did not initially "seek relief in the agency that ha[d] allegedly discriminated against him." *Ibid.* Moreover, Gissen did not file suit until 14 months after he had resigned from federal service.

Arguably, Gissen might allege a sufficient claim under 42 U.S.C. § 1985 and its jurisdictional counterpart, 28 U.S.C. § 1343. But the Supreme Court noted in *Brown:*

The legislative history thus leaves little doubt that Congress was persuaded that federal employees who were treated discriminatorily had no effective judicial remedy. And the case law suggests that that conclusion was entirely reasonable. . . . [T]he relevant inquiry is not whether Congress correctly perceived the then state of the law, but rather what its perception of the state of the law was.

This unambiguous congressional perception seems to indicate that the congressional intent in 1972 was to create an *exclusive, pre-emptive* administrative and judicial scheme for the redress of federal employment discrimination.

*Ibid.* —— U.S. at ——, 96 S.Ct. at 1966, 44 U.S.L.W. at 4706 (footnote omitted and emphasis added).

■ Appellant has argued that we should not consider the exclusivity of Title VII on this appeal because the issue was not presented to the district court. Under normal circumstances we might remand the proceedings to the district court for its consideration of the question in the first instance. We are mindful, however, that we may affirm a correct result in the district court even if we disagree with the legal reasoning. *E.g., Naporano Metal & Iron Co. v. Secretary of Labor,* 529 F.2d 537, 541 (3d Cir. 1976). Moreover, we are convinced that, given the undisputed procedural history of this case, *Brown* effectively precludes Gissen from any judicial relief. Finally we note that the question of an available judicial remedy was raised in the government's brief to us, was discussed thoroughly by the amicus curiae appointed to supplement the efforts for appellant, and was the subject of extensive discussion at oral argument. In the interest of husbanding judicial re-

sources, therefore, we have met and decided the issue at this time.

Accordingly, we will vacate the judgments of the district court which, respectively, dismissed for failure to state a claim on the ground of official immunity, and dismissed as barred by res judicata. We will remand these proceedings with a direction that the district court enter orders dismissing the complaints for lack of subject matter jurisdiction.

Costs taxed against appellant.

ADAMS, Circuit Judge (concurring and dissenting).

It is, perhaps, unlikely that Gissen would be able to evade the effect of the Supreme Court's decision in *Brown v. General Services Administration,* —— U.S. ——, 96 S.Ct. 1961, 48 L.Ed.2d 402, 44 U.S.L.W. 4704 (U.S. June 1, 1976), if he were given a chance to present his case to the district court. Nonetheless, I believe that he should be given an opportunity to attempt to persuade that tribunal in the first instance, and that this court should decide the matter only in the event that an appeal is taken from an eventual judgment entered there. Such a course would appear to be particularly appropriate in view of the fact that Gissen has alleged discrimination by a government agency on the basis of race and religion.

Accordingly, I would vacate the judgment of the district court and remand with instructions to consider whether dismissal is required by *Brown.*

Judge HUNTER joins in this opinion.