**John J. BROSNAHAN, Plaintiff,**

v.

**Jack M. ECKERD, Edward E. Mitchell, Defendants.**

**John J. BROSNAHAN, Plaintiff,**

v.

**Edward E. MITCHELL and John D. Attaway, Defendants.**

**Civ. A. Nos. 76–585 and 76–1506.**

United States District Court, District of Columbia.

Feb. 1, 1977.

Anthony J. McMahon, Washington, D. C., for plaintiff in both cases.

John R. Dugan, Asst. U. S. Atty., David H. Shapiro, Sp. Asst. U. S. Atty., Washington, D. C., for Eckerd (76–585).

Irving Kator, Washington, D. C., for Mitchell (76–1506).

## MEMORANDUM AND ORDER

GESELL, District Judge.

On November 9, 1976, the Court consolidated these cases for trial. In Civil Action No. 76–585, plaintiff brings an employment discrimination claim against the General Services Administration pursuant to Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e–16. Civil Action No. 76–1506 is a related damage claim under the Constitution and 42 U.S.C. § 1985(3) against those individuals allegedly responsible for plaintiff's discharge from the GSA.

The Government has filed an unopposed motion to dismiss defendant Edward E. Mitchell from Civil Action No. 76–585. That motion is granted. 42 U.S.C. § 2000e–16(c).

The Government has also filed a motion to dismiss Civil Action No. 76–1506 contending that such a damage action is precluded by the existence of Title VII remedies, and that the defendants are protected by an absolute immunity.

28

■ Government officials sued in their individual capacities for alleged violations of constitutional rights are not protected by absolute immunity. They are immune only if their conduct is within the scope of their employment and was not undertaken in bad faith. *Scheuer v. Rhodes*, 416 U.S. 232, 247, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Apton v. Wilson*, 165 U.S.App.D.C. 22, 506 F.2d 83 (1974). While there are some limited exceptions to this rule, none are applicable here. *See, e. g., Pierson v. Ray*, 386 U.S. 547, 554–5, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Gravel v. United States*, 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Sufficient allegations of improper conduct have been made to necessitate a trial.

The Government argues that under *Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), Title VII is the only remedy available to federal workers for actions taken against them that would constitute employment discrimination. In *Brown* an employee brought an employment discrimination action against the GSA under Title VII and under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981. The action was dismissed because plaintiff did not file his complaint in timely fashion under Title VII, and because the alternative remedy of § 1981 was held not available due to the existence of Title VII. On review the Supreme Court found that Title VII was the exclusive remedy against the Government for employment discrimination. Examining the legislative history of the 1972 amendments to Title VII, the Court found that Congress believed there was no adequate remedy against the Federal Government for employment discrimination due to the Government's defenses of sovereign immunity and failure to exhaust administrative remedies. Thus it intended the new cause of action against the Government, embodied in the 1972 amendments, to be an exclusive remedy. The Court also found that the delicate balance of administrative and judicial remedies in Title VII could be upset if employment discrimination suits could be brought against the Government under other statutory provisions. It would become easy to avoid the administrative procedures and jurisdictional limitations built into Title VII "by the simple expedient of putting a different label on their pleadings." *Brown v. GSA*, 96 S.Ct. at 1968 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489–490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

■ In Civil Action No. 76–1506, brought under 42 U.S.C. § 1985(3) and the Constitution, the defendants are private individuals, not Government agencies. This damage action seeks special remedies, not merely equitable relief from employment discrimination, and is not foreclosed by the enactment of the 1972 amendments to Title VII. *But see Gissen v. Tackman*, 537 F.2d 784 (3d Cir. 1976). The legislative history alluded to in *Brown*, detailing congressional concern about Government immunity from suit, is inapplicable here. Further, this type of action is not a true alternative to Title VII remedies against the Government. Thus, the ability to sue individual defendants for actions that might constitute federal employment discrimination would not disrupt the statutory scheme of Title VII. In this case, plaintiff fulfilled all the procedural requirements of Title VII, and followed the administrative process to its conclusion.

Finally, not all plaintiff's allegations relate to employment discrimination. For example, he claims that the individual defendants violated his rights under the First Amendment to the Constitution. His suit is not barred, and the Government's motion to dismiss Civil Action No. 76–1506 is denied.

■ Defendant's motion to separate these cases is also denied. Trial of the consolidated cases shall proceed as scheduled.

SO ORDERED.