Aida L. **BERIO**, Plaintiff,

v.

**EEOC et al., Defendants.**

**Civ. A. No. 77–1750.**

United States District Court,
District of Columbia.

Feb. 28, 1978.

---

J. Gerald Hebert, Bruce L. Downey, Howard L. Feinstein, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Abner W. Sibal, Constance L. Dupre, Legal Counsel Div., EEOC, Washington, D. C., for defendants.

## MEMORANDUM OPINION & ORDER

FLANNERY, District Judge.

This matter comes before the court on defendant Dickerson's motion to dismiss the complaint against him. Plaintiff is an employee of the Equal Employment Oppor-

tunity Commission (EEOC). . The plaintiff asserts claims of discrimination because of her national origin and claims of retaliation because of her opposition to defendants' discriminatory practices. Plaintiff asserts her claims under Title VII of· the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and the Due Process Clause of the Fifth Amendment. Defendant Dickerson is the Chief of the Educational Programs Branch of the EEOC. Dickerson was sued both in his individual and official capacities. Plaintiff does not oppose defendant's motion to dismiss the complaint against him in his official capacity, therefore, the motion will be granted and plaintiff's claims against Dickerson in his official capacity will be dismissed.

▮▮▮ As to plaintiff's claims against the defendant as an individual, the defendant asserts that these claims also must be dismissed because the court lacks subject matter jurisdiction over the claims and because he enjoys absolute immunity from civil liability. The jurisdictional issue will be discussed first. The defendant asserts that plaintiff, as a federal employee alleging discrimination in employment, is only entitled to relief under Title VII. *See Brown v. GSA*, 425 U.S. 820, 827, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The only proper defendant in a Title VII suit against a *federal* agency is the head of the agency. 42 U.S.C. § 2000e–16(c). Therefore, Dickerson seeks to have plaintiff's claims against him as an individual dismissed.

All of the claims asserted in her complaint against Dickerson involve allegedly discriminatory employment practices and retaliation for plaintiff's opposition to these practices. These claims are fully covered by Title VII, 42 U.S.C. §§ 2000e–3(a), 2000e–16(a). Furthermore, Title VII preempts all other remedies for federal employment discrimination. *E. g., Brown v. GSA*, 425 U.S. 820, 827, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Carter v. Marshall*, CA No. 77–365 (D.D.C. February 3, 1978); *Royal v. Bergland*, 428 F.Supp. 75, 76 (D.D.C. 1977); *Beeman v. Middendorf*, 425 F.Supp. 713, 715–16 (D.D.C.1977); *Pace v. Mathews*,

15 Fair Empl.Prac.Cas. (BNA) 703, 703–04 (D.D.C.1976). The plaintiff attempts to distinguish *Brown* on the ground that the present plaintiff complied with the jurisdictional prerequisites of Title VII, while the plaintiff in *Brown* did not. The procedural posture of the case does not alter the holding of *Brown* that a federal employee's remedy under Title VII is exclusive and preemptive. *See Pace v. Mathews, supra*, 15 Fair Empl.Prac.Cas. (BNA) at 703. Plaintiff further attempts to distinguish *Brown* by noting that the defendant in this case is being sued in his individual capacity, citing *Brosnahan v. Eckerd*, 435 F.Supp. 26, 28 (D.D.C.1977). In *Brosnahan*, the court stated that "the ability to sue individual defendants for actions that might constitute federal employment discrimination would not disrupt the statutory scheme of Title VII." 435 F.Supp. at 28. Thus, the court in *Brosnahan* denied defendants' motion to dismiss and allowed the plaintiff to pursue his claims against the defendants as individuals.

In *Brown* the Supreme Court did not distinguish between instances where federal employees sued federal officials in their official capacity and those where the officials were sued as individuals. The court plainly stated, however, that:

> The legislative history thus leaves little doubt that Congress was persuaded that federal employees who were treated discriminatorily had no effective judicial remedy. And the case law suggests that that conclusion was entirely reasonable. . . . [T]he relevant inquiry is not whether Congress correctly perceived the then state of the law, but rather what its perception of the state of the law was.
>
> This unambiguous congressional perception seems to indicate that the congressional intent in 1972 was to create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination.

425 U.S. at 828, 96 S.Ct. at 1966 (footnote omitted). The United States Court of Appeals for the Third Circuit did not find the nature of the action against the officials

determinative in *Gissen v. Tackman* where the court held that Title VII was the only remedy available to a federal employee, although the court did not specifically address the point. 537 F.2d 784, 785–86 (3rd Cir. 1976). Thus, given the scope and specificity of the congressional scheme and the Supreme Court's holding in *Brown*, it appears that the remedies available to the plaintiff under Title VII preclude her from pursuing her claims against an official in his individual capacity under 42 U.S.C. § 1981 and the Fifth Amendment. *Pace v. Mathews, supra,* 15 Fair Empl.Prac.Cas. (BNA) at 703–04. Again it should be noted that plaintiff's claims are subject to relief under Title VII and only involve acts of discrimination and retaliation within the scope of her employment and acts by officials concerning plaintiff's employment. The plaintiff does not allege that the defendant in question took any action outside of the employment context.

▪ Furthermore, to allow federal employees to sue agency officials in their individual capacities under § 1981 and the Constitution to remedy employment discrimination would certainly thwart the Congressional purpose in enacting Title VII by allowing the employee to totally avoid the elaborate administrative scheme established by Title VII. Despite the fact that the plaintiff in *Brosnahan* fulfilled the procedural prerequisites of Title VII, there would be no authority that a court could cite to *require* a plaintiff to pursue administrative remedies before asserting claims against federal officials in their individual capacities. Although the immunity of the officials would probably deter many suits, the immunity would not be absolute where the officials are sued in their individual capacities and allegations of conduct not within the scope of the official's discretion undertaken in bad faith would necessitate a trial. *See, e. g., Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Apton v. Wilson,* 165 U.S.App.D.C. 22, 30–31, 506 F.2d 83, 91–92 (1974); *Brosnahan v. Eckerd,* 435 F.Supp. 26, 28 (D.D.C.1977). Therefore, in order to preserve the administrative scheme and effectuate the congres-

sional intent in enacting Title VII, defendant's motion to dismiss will be granted.

 As to the immunity issue, it does not appear that the defendant enjoys absolute immunity so as to preclude the action. As was noted earlier, in certain instances executive officials sued in their individual capacities are only accorded qualified immunity. *E. g., Scheuer, supra,* 416 U.S. at 247–48, 94 S.Ct. 1683; *Apton, supra,* 165 U.S.App.D.C. 30–31, 506 F.2d at 91–92; *Brosnahan, supra,* 435 F.Supp. at 28. This case involves constitutional claims and claims under 42 U.S.C. § 1981 which are more akin to the claims brought under the Constitution and 42 U.S.C. § 1983 in *Scheuer* and *Apton* where the officials were found to only have qualified immunity, than the libel and defamation claims at issue in *Barr v. Mateo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) and *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution,* 566 F.2d 289 (D.C.Cir.1977) where the officials were found to have absolute immunity. In the present case, however, the plaintiff has not alleged that defendant Dickerson's actions were outside the scope of his discretion and responsibilities and taken in bad faith. *See Scheuer, supra,* 416 U.S. at 247–48, 94 S.Ct. 1683; *Apton, supra,* 165 U.S.App.D.C. at 30–31, 506 F.2d at 91–92; *Brosnahan, supra,* 435 F.Supp. at 28. Therefore, defendant Dickerson is protected by immunity and the claims against him in his individual capacity can be dismissed for failure to state a claim upon which relief can be granted in addition to the court's lack of subject matter jurisdiction. Thus, for this reason too, defendant's motion to dismiss will be granted and the entire complaint against Dickerson dismissed.

Therefore, in accordance with the memorandum opinion above, it is, by this court, this 27th day of February, 1978,

ORDERED that defendant Dickerson's motion to dismiss all of the plaintiff's claims against him be, and the same hereby is, granted; and it is further

ORDERED that the complaint be dismissed as to defendant Dickerson; and it is further

ORDERED that the parties in this case shall file any interrogatories they may have no later than March 15, 1978, that the parties shall file any stipulations they may agree to no later than April 6, 1978, that the parties shall file any notices of depositions they may have no later than April 14, 1978 and the depositions shall be taken during the week of April 24, 1978, that any further requests for discovery that the parties may have shall be filed no later than May 5, 1978, that the parties shall exchange witness lists on June 9, 1978, that the parties shall take any further depositions of witnesses named during the week of June 26, 1978, that all discovery shall be completed by June 30, 1978, that a pretrial conference in this case shall be held by a United States Magistrate on or about June 30, 1978, the specific date to be set by the Magistrate to whom the case is assigned, and that trial of this action shall commence on July 17, 1978 at 10:00 a. m.