Alvin R. HERSH

v.

DEPARTMENT OF the NAVY, and United States Civil Service Commission and Ralph B. Masino.

Civ. A. No. 77–6.

United States District Court, E. D. Pennsylvania.

July 24, 1978.

David C. Harrison, Philadelphia, Pa., for plaintiff.

Alfred A. Gollatz, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Alvin Hersh, instituted this suit against the Department of the Navy, the Civil Service Commission, and several employees of the Navy, alleging that they discriminated against him when they failed to promote him, in violation of 42 U.S.C. §§ 1981, 1985(3), and the First, Fourth and Fifth Amendments to the United States Constitution. Presently before the Court are the plaintiff's unopposed motion to amend his previously amended complaint to allege jurisdiction under § 717 of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16; and the defendants' motion for judgment on the pleadings or in the alternative, for summary judgment.

The defendants assert that since the plaintiff is a federal employee, his sole remedy for discrimination is § 717 of the Civil Rights Act of 1964, as amended, and that he has failed to satisfy the jurisdictional prerequisites for a § 717 suit. We will permit the plaintiff to amend his previously amended complaint to allege jurisdiction under § 717. Nevertheless, having reviewed the briefs, affidavits and the administrative record submitted, for the reasons hereinafter set forth, we have determined that the defendants' motion will be granted.

Early in 1977, the plaintiff commenced this suit by filing a complaint alleging that the Department of the Navy, the United States Civil Service Commission and Ralph Masino failed to promote him from Electrical Engineer, G.S. 12, to Supervisory Engineer, G.S. 13, although his qualifications were superior to those of every other applicant, because they "were prejudiced and biased against [him] for reasons totally unrelated to the qualifications for advancement." He also challenged the procedure

by which promotions are granted as being arbitrary, wilful, capricious and unlawful because "there has never been any showing as to the basis for plaintiff's failure to secure advancement." Jurisdiction in the complaint was based on the Constitution of the United States, 42 U.S.C. § 1981 and the First and Fourth Amendments.

Several months later, an amended complaint was filed. The following additional defendants were listed: Graham Clayton, Secretary of the Navy, James Olson, G. D. Fraunces and Ward DeGroot, III. Jurisdiction was amended to include the Fifth Amendment and 42 U.S.C. § 1985(3). The allegations of fact were also changed, adding the following specific allegations: (1) that the plaintiff is an Episcopalian; (2) that he has been reluctant to contribute to the Combined Federal Campaign for religious reasons; and (3) that defendants denied him a promotion because of his reluctance to contribute to the Combined Federal Campaign.

The defendants answered the complaint and then filed a motion for judgment on the pleadings or for summary judgment. A copy of the administrative record relating to the plaintiff's complaints to the Navy and the Civil Service Commission was also submitted.

In their motion the defendants contend: (1) that as a federal employee the plaintiff's only remedy for employment discrimination is under § 717 of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16; and (2) that even were plaintiff to amend his complaint to include a claim under § 717, the Court would not have jurisdiction because the plaintiff has not exhausted his administrative remedies pursuant to § 717.

The plaintiff contends that (1) the defendants' motion is premature and inappropriate because discovery is necessary in order to develop a record on the question whether plaintiff has exhausted his administrative remedies under § 717; and (2) the defendants failed to show that there is any reason why the plaintiff may not come under an exception to the doctrine of exhaustion of remedies.

Preliminarily, we note that the motion filed by the defendants requests judgment on the pleadings or summary judgment. The defendants' contention that the plaintiff does not have a cause of action under 42 U.S.C. §§ 1981, 1985(3), and the First, Fourth and Fifth Amendments to the United States Constitution, will be considered by this Court on the basis of the defendants' motion for judgment on the pleadings, and for purposes of determining this question we have considered only the pleadings filed in the case.

■ The defendants point out that as a federal employee, the plaintiff's sole remedy for employment discrimination is under § 717 of the Civil Rights Act of 1964, as amended. In *Brown v. General Services Administration*, 425 U.S. 820, 828–29, 835, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976), the Supreme Court stated that the "unambiguous congressional perception seems to indicate that the congressional intent in 1972 was to create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination," and held "that § 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." Therefore, judgment on the pleadings will be entered on the plaintiff's claims filed pursuant to 42 U.S.C. §§ 1981, 1985(3), as well as the First, Fourth and Fifth Amendments.

■ The substance of the defendants' other contention is that this Court lacks jurisdiction to entertain the plaintiff's § 717 claim because he has failed to exhaust his administrative remedies. This contention is more properly raised in a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Gissen v. Tackman*, 537 F.2d 784 (3d Cir. 1976). Therefore, we will treat this second portion of defendants' mo-

tion as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), and in connection with the 12(b)(1) motion we shall consider the affidavits as well as the certified record filed by the parties.

Our Third Circuit in *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 892 (3d Cir. 1977), recently discussed the procedure applicable where defendants' 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact. The Court stated:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) · alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage. If the court considers matters outside the pleadings before it in a 12(b)(6) motion, the above procedure will automatically be converted into a Rule 56 summary judgment procedure. Here there are further safeguards for the plaintiff: in addition to having all of plaintiff's allegations taken as true, with all their favorable inferences, the trial court cannot grant a summary judgment unless there is no genuine issue of material fact.

The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Thus, although the second amended complaint alleges that the plaintiff has exhausted his administrative remedies, we have, for the purpose of this 12(b)(1) motion, considered the administrative record and the affidavits filed by the parties.

■ The operation of § 717(c)[1] as to claims of Federal employment discrimination is described as follows by the Supreme

---

1. Section 717 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c) reads as follows:

(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Court in *Brown v. General Services Administration,* 425 U.S. at 829–30, 832, 96 S.Ct. at 1966:

> Section 717 of the Civil Rights Act of 1964, as added by § 11 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16, proscribes federal employment discrimination and establishes an administrative and judicial enforcement system. Section 717(a) provides that all personnel actions affecting federal employees and applicants for federal employment "shall be made free from any discrimination based on race, color, religion, sex, or national origin."
>
> \*    \*    \*    \*    \*    \*
>
> Section 717(c) permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination. Attached to that right, however, are certain pre-conditions. Initially, the complainant must seek relief in the agency that has allegedly discriminated against him. He then may seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission. If he does appeal to the Commission, he may file suit within 30 days of the Commission's final decision. In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency or Civil Service Commission has not taken final action.

Our Third Circuit has likewise held that Federal employees must exhaust their administrative remedies before they are entitled to file a civil suit in the United States District Court. *Ettinger v. Johnson,* 518 F.2d 648 (3d Cir. 1975). Thus, a statutory pre-condition to the filing of a civil action in the United States District Court by a Federal employee is that the claimant first seek relief in the agency that has allegedly discriminated against him.

█ The question raised by the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) is whether the plaintiff has exhausted his administrative remedies as required by § 717(c) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16(c). A review of the administrative record reveals that in 1974 the plaintiff complained to the Commanding Officer of the Naval Facilities Engineering Command, Northern Division (Northern Division), where he is employed, alleging that he was not promoted to a supervisory position because he had complained about solicitation practices for the Combined Federal Campaign at Northern Division. A review of the administrative record shows that he did not complain of religious discrimination, and that he did not file a discrimination complaint pursuant to § 717. The administrative record also shows that he filed a similar complaint (not mentioning religious discrimination) with the Director of the Bureau of Personnel Management Evaluation of the Civil Service Commission. Further, in his affidavit the plaintiff does not claim that he filed a complaint alleging religious discrimination pursuant to § 717: on the contrary, he states in his affidavit that he did not know and was not advised of the administrative procedures required by § 717. The Deputy Equal Employment Opportunity Officer at Northern Division filed an affidavit describing the undertakings employed by the Navy at Northern Division to insure that the employees would have knowledge of the administrative process required for discrimination complaints, and stating that the plaintiff never filed a religious discrimination complaint. On the basis of the affidavits filed by the parties and the certified administrative record, we find that the plaintiff did not complain of religious discrimination in accordance with the procedures established pursuant to § 717 for filing religious discrimination complaints. We find that the administrative record and the affidavits filed in this case show that at no time did the plaintiff claim that he was discriminated against on the basis of his religious beliefs and/or practices.

Accordingly, an order will be entered dismissing the plaintiff's Title VII claim, and

granting the defendants' motion for judgment on the pleadings with respect to the remainder of the plaintiff's claims.