Edward STIEHL, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 84–1276(PG).

United States District Court,
D. Puerto Rico.

Feb. 11, 1985.

Luis A. Limeres Grau, Hato Rey, P.R.,
for plaintiff.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Plaintiff, Edward Stiehl, filed the present action on May 11, 1984. Plaintiff alleges that the Veterans Administration denied him the right to due process under the Fifth Amendment to the United States Constitution and discriminated against him on account of his handicapped condition. He prays for damages, back pay and promotion to the position of Chief Vocational Rehabilitation and Counseling Division of the Veterans Administration Medical and Regional Office Center, at San Juan, Puerto Rico (hereinafter Chief, VR & CD).

■ The case is properly before this Court under section 717 of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e–16). This statute provides the exclusive remedy for discrimination claims in federal employment. *Brown v. G.S.A.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976); *Castro v. United States*, 584 F.Supp. 252, 257–258 (D.P.R. 1984).[1]

The case is presently before this Court upon defendant's motion to dismiss and/or for summary judgment.

---

**1.** Plaintiff's constitutional claim is preempted by 42 U.S.C. § 2000e–16. *Castro v. U.S.A., supra,* at 258, n. 3; *Kizas v. Webster,* 707 F.2d 524, 542 (D.C.Cir.1983); *Gissen v. Tackman,* 537 F.2d 784, 786 (3rd Cir.1976).

From the documentation submitted, the Court finds that the following uncontroverted facts are established.

1. Mr. Edward Stiehl, the plaintiff herein, is a disabled and handicapped veteran.

2. Mr. Stiehl has been employed with the Veterans Administration since 1968 and at the present has a pay grade of GS–12 as a Counseling Psychologist.

3. Plaintiff filed an application to the position of Chief, VR & CD.

4. Plaintiff was qualified for the position of Chief, VR & CD.

5. Plaintiff was found qualified and was considered for the position of Chief, VR & CD.

6. The factors upon which the selection of the Chief, VR & CD was based were: the internal management appraisals, experience, education, training and awards and recognitions.

7. The internal management appraisals corresponding to Mr. Stiehl, and which were considered in the selection process, rated him either very good or outstanding. The appraisals were based on Mr. Stiehl's earlier performance as he had been on leave without pay for the period comprising the subject appraisals.

8. There were five candidates for the position. All were found to be qualified. The point summary given to all candidates for the factors mentioned hereinabove in paragraph 6 reveals that Mr. Stiehl was rated fifth.

9. Mr. Stiehl was not selected.

10. Ms. Dorothy Starbuck, Chief Benefits Director of the Veterans Administration, selected Ms. Sonia Moreno to the position of Chief, VR & CD because she felt that Ms. Moreno was the person best qualified amongst the qualified candidates.

For plaintiff to prevail in the present action it is imperative for him to prove that his non-selection to the position of Chief, VR & CD was due or caused by the purposeful discrimination on the part of the defendant. *Washington v. Davis*, 426 U.S. 229, 239–241, 96 S.Ct. 2040, 2047–2048, 48 L.Ed.2d 597 (1976); *T & S Service Associates, Inc. v. Crenson*, 666 F.2d 722, 724 n. 2 (1st Cir.1981). That is, under the facts of this case, plaintiff herein must prove that his handicapped condition was a determinative factor in the non-selection. *Loeb v. Textron*, 600 F.2d 1003, 1010–1011 (1st Cir.1979).

On October 23, 1984, plaintiff was deposed by defendant. This deposition was filed with the Court on December 28, 1984.

It appears from Mr. Stiehl's testimony at the deposition that he was discriminated against on account of his handicapped condition because he had been absent for one year, that his absence was an indirect result of his handicapped condition, and that in his opinion, his previous performance was not carried over and reflected in the evaluation covering that period of absence (Tr. 12, 17, 20, 21, 33). This presumptive belief [2] has been denied and explained by Ms. Dorothy Starbuck in paragraph four (4) of her verified statement and clearly supported by Exhibits 1 and 2 to the same. Exhibits 1 and 2 are the appraisal forms corresponding to May 1983 and which were submitted to the Evaluation Board. These appraisals reflect that Mr. Stiehl was rated as very good or outstanding in all areas and that the evaluation was based on his earlier performance.

Furthermore, plaintiff's own testimony establishes that he has not been denied any promotion or step while working for the Veterans Administration (Tr. 11)

---

2. At pages 25 and 26 of plaintiff's deposition it appears that he stated as follows:

BY MR. LAMOUTTE:

Q. It is your testimony, ins't it, that in those narrative comments it was mentioned that you had not been present for some time? A. I haven't seen that document, *but I presume* that since that is an evaluation and recommendation for the position, and that is sent to the central office, it can actually be—it can add as much as you want to favor a person, or reduce as much as you want, just to comply with the document.

Q. And you have not seen that appraisal? A. No. I asked for it and it was not given to us. (Emphasis ours)

and that he does not know of any discrimination animus, past or present, towards him (Tr. 35). Basically, plaintiff finds that there is discrimination because he was qualified and not selected (Tr. 14). Definitely, such testimony fails to establish any indicia of purposeful discrimination.

On the other hand, the defendant, through the verified statement by Ms. Dorothy Starbuck, who was responsible for the selection of the Chief, VR & CD has shown that the decision to select Ms. Moreno, and not Mr. Stiehl, was not motivated in any way by a discriminatory animus. In fact, her reasons were fully explained to the National Employment Director for Disabled American Veterans, Mr. Ronald D. Drach, in the verified statement (filed as Exhibit K) in support for defendant's motion for summary judgment.

This statement, in its pertinent part, reads:

> My first priority in filling this, as well as other key positions, is to select the person who is best qualified for the position. I approved the selection of Ms. Sonia Moreno because, of the five highly qualified candidates referred, Mr. Moreno was the person best qualified to perform the duties of this particular position.
>
> \* \* \* \* \* \*
>
> As you know, the position in question is also a supervisory position. Each applicant was evaluated on factors which reflect those elements of performance that are relevant to the requirements of positions with substantial responsibility for administration, supervision and professional leadership. This appraisal was not only a measure of the applicant's current performance, but also an indicator of their potential performance in supervisory and managerial positions. Ms. Moreno's appraisal was superior to the appraisals of the other four candidates. I fully support the Veterans Administration affirmative action program for disabled veterans. Our plan requires selecting officials to give serious consideration to all qualified disabled veterans referred for vacancies. I can assure you that Mr.

Stiehl was given full consideration. After reviewing each candidate's complete record, I felt that Ms. Moreno was the person best qualified to fill the position. Her selection is in no way a negative reflection on Mr. Stiehl's qualification and accomplishments. We recognize his many contributions to the field of vocational rehabilitation and his involvement in professional and divic activities.

> \* \* \* \* \* \*

The aforecited excerpts from Ms. Starbuck's letter clearly indicate that she made an honest and considered judgment decision in selecting Ms. Sonia Moreno as the best qualified applicant, and, consequently, in not selecting Mr. Edward Stiehl. *Robinson v. Polaroid,* 732 F.2d 1010, 1014 (1st Cir.1984); *Johnson v. Allyn & Bacon, Inc.,* 731 F.2d 64, 70 (1st Cir.1984).

The principle that a judgment decision based on a legitimate reason does not constitute discrimination was adopted by the First Circuit in *Loeb v. Textron, Inc., supra,* at 1012 n. 6, wherein the court held that:

> While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination. The employer's stated legitimate reason must be reasonably articulated and nondiscriminatory, but does not have to be a reason that the judge or jurors would act on or approve. Nor is an employer required to adopt the policy that will maximize the number of minorities, women, or older persons in his workforce. See *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 576–577, 98 S.Ct. 2943 [2949–2950], 57 L.Ed.2d 957 (1978). An employer is entitled to make his own policy and business judgments, and may, for example, fire and adequate employee if his reason is to hire one who will be even better, as long as this is not a pretext for discrimination.

In view of the foregoing, this Court finds that the non-selection of Mr. Edward Stiehl

to the position of Chief, VR & CD was not due to a discrimination animus and, therefore, the defendant is entitled to summary judgment in its favor. Rule 56(e) F.R. Civ.P.; *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975); *Maiorana v. MacDonald*, 596 F.2d 1072, 1076–1077 (1st Cir.1979).

The Clerk of Court shall enter judgment dismissing the complaint.

IT IS SO ORDERED.