

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-9-2009

# Patty Stevenson v. Doris Billingsly

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1390

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Patty Stevenson v. Doris Billingsly" (2009). *2009 Decisions.* Paper 1761.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1761

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1390

PATTY JANE STEVENSON,
                                                    Appellant

v.

UNITED STATES POSTAL SERVICE,
a division of the Government of the United States of America;
PHILIP DECAROLIS, Trenton Postmaster, now or formerly
Postmaster or Person in Charge of the United States Postal Facility
for Trenton and Mercer County, New Jersey;
FRANK TULINO; ROBERT TOWLER; CARLOS CRUZ;
DORIS BILLINGSLY; GLENN CAMERON; JOHN DOE;
RICHARD ROE; JANE DOE; MARY DOE;
JOHN POTTER, Postmaster General

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 04-cv-5971
(Honorable Garrett E. Brown, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2009
Before:  SCIRICA, *Chief Judge*, AMBRO and SMITH, *Circuit Judges*.

(Filed: March 9, 2009 )

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

In the early 1990s, Patty Jane Stevenson developed thoracic outlet syndrome, pericapsular fibrosis, and chronic diffuse joint synovitis, impairing her right shoulder, arm, and wrist. Because her condition affected her work at the United States Postal Service, Stevenson entered into a limited duty status in 1994, and in 1997 she accepted a permanent rehabilitation position as a Modified Distribution Clerk—a position restricting the tasks she would perform to accommodate her medical condition.

Stevenson filed a bid card in August 1998, applying for a job as a General Clerk. She was denied that position because she was in a rehabilitation status job, and at Stevenson's request, her union filed a grievance on her behalf. Additionally, Stevenson filed an informal EEO complaint, prompting a mediation in October 1998 that produced a settlement: Stevenson would take a position as a clerk, and in return she would ask the union to withdraw the grievance. The union withdrew the grievance, and Stevenson began work in her new clerk job. But the union also contested the creation of this position because it was not open to bidding by other employees. After a series of hearings involving the lack of bidding, the union prevailed, Stevenson's settlement position was withdrawn, and she was asked to return to her rehabilitation status job. Stevenson claims she was not informed of the hearings or, alternately, was required to be represented exclusively by the union, whose interests she claims conflicted with her own.

2

Stevenson refused to return to her rehabilitation status job as the Postal Service directed, and after an absence from work, she was terminated on July 31, 1999.

She filed suit with the EEOC claiming disability discrimination for the 1998 bid denial and discrimination and retaliation in the termination of her position in July 1999. While Stevenson's claims were pending before Administrative Law Judge Jose Perez, another EEOC judge certified a class action (the *Glover* class), which was designed to redress the discriminatory denial of advancement or promotional opportunities for Postal Service workers. Judge Perez dismissed Stevenson's claims involving her 1998 bid denial because they were subsumed within the class, and Stevenson's counsel received the notice of the final agency action for the *Glover* class on July 10, 2004. Judge Perez retained jurisdiction over the remaining claims involving the 1999 termination, then dismissed those on September 9, 2004.

Stevenson filed suit on December 6, 2004, alleging several discrimination and constitutional violations. Pertinent to this appeal are Stevenson's claims of Rehabilitation Act discrimination in the denial of the 1998 bid for the General Clerk position, constitutional due process violations in the withdrawal of the settlement position she accepted in October 1998, and discrimination and retaliation in the termination of her employment in 1999. The District Court granted the Postal Service and other

Defendants'[1] motion to dismiss and motion for summary judgment. It dismissed the constitutional claim because the Rehabilitation Act and Title VII provide the exclusive remedy. It dismissed the claims relating to the 1998 bid denial as untimely. It dismissed the 1999 retaliation claims for failure to make out a prima facie case. Finally, it granted summary judgment on the Rehabilitation Act discrimination claim pertaining to the 1999 termination. We have jurisdiction over the District Court's final judgment under 28 U.S.C. § 1291, and we will affirm.

I.

The District Court determined Title VII and the Rehabilitation Act provide the exclusive remedies, and it dismissed all the other claims. Stevenson does not contest the exclusivity of Title VII and the Rehabilitation Act for redressing discrimination in federal employment. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976); *Owens v. United States*, 822 F.2d 408 (3d Cir. 1987); *Gissen v. Tackman*, 537 F.2d 784 (3d Cir. 1976). Instead, she contends we should recognize a nonstatutory remedy for the denial of constitutional due process when she was removed from the settlement job she accepted in October 1998.

Although federal courts have exercised jurisdiction to hear nonstatutory claims under special circumstances, *e.g.*, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), these are not present when a statutory scheme provides

---

[1]Stevenson also named Postal Service employees as Defendants in her complaint.

adequate relief, revealing a congressional intent to limit the available remedies. *See Schweiker v. Chiliky*, 487 U.S. 412 (1988); *Bush v. Lucas*, 462 U.S. 367 (1983). The Civil Service Reform Act of 1978 is such a statute. *See Bush*, 462 U.S. at 374–90. It provides "the full scheme of remedies available" to federal employees in cases arising out of the employment context. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 795 (3d Cir. 2003). Because Stevenson's nonstatutory *Bivens* claim arises out of the employment context, we do not have subject matter jurisdiction to consider its merits.

II.

Stevenson seeks redress for discrimination in the 1998 bid denial. The District Court dismissed the claim as untimely because Stevenson filed suit more than ninety days after the notice of final agency action in the *Glover* class action. If the limitations period began with the notice of final agency action in the *Glover* case, the 1998 bid-denial complaint was not timely filed; if it began with the mid-September notice of final agency action in her case, the 1998 bid-denial claim was timely filed.

The notice of final action in the *Glover* class action is the appropriate reference. Administrative Judge Perez severed Stevens's 1998 bid-denial claim from the 1999 termination claim. Judge Perez determined the 1998 bid-denial claims were subsumed within the *Glover* class action, and he retained jurisdiction only over the 1999 termination. Because the 1998 discrimination claim was subsumed within the *Glover* class action, its statute of limitations began to run from receipt of the notice of final

5

agency action in the *Glover* class action on July 10, 2004. And because Stevenson's suit was not filed in the District Court until December 6, 2004, her claims concerning the 1998 bid denial were not filed within ninety days of July 10, 2004, and were accordingly not timely.

### III.

The District Court dismissed the 1999 retaliation claim because Stevenson failed to make out the prima facie case of retaliation,[2] namely "(1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action," *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000). To demonstrate causation, Stevenson merely recounts her other allegations, and states that her termination resulted from "a challenge to the U.S.P.S. autocratic authority that it refused to tolerate."[3] (Br. of

---

[2]When considering a dismissal for failure to state a claim, our review is plenary. *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). We accept as true all allegations in the complaint as well as all reasonable inferences drawn from them, and we construe them in the light most favorable to the nonmovant. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Phillips*, 515 F.3d at 234 (*quoting Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

[3]Stevenson also points out that the Postal Service has not rebutted causation, but this puts the cart before the horse. In the *McDonnell Douglas* burden-shifting framework, the plaintiff must establish the prima facie case before the employer is required to produce nondiscriminatory reasons for the employment action.

6

Appellant at 30.)  This is speculative and insufficient, and the District Court properly dismissed Stevenson's retaliation claim.

## IV.

Finally, Stevenson contends her termination in 1999 was discriminatory.  In granting Defendants summary judgment,[4] the court concluded that Stevenson is not covered by the Rehabilitation Act because she is not an "individual with disability" as defined by the Act.  Stevenson does not meaningfully contest the District Court's determination that she is not substantially limited in any major life activities.[5]  Instead, she contends the Postal Service regarded her as disabled when it denied her the General Clerk position because she was on rehabilitation status.

---

[4]We review a summary judgment disposition de novo, viewing the facts in the light most favorable to the nonmoving party and applying the same test as the District Court. *Hayberger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 197 (3d Cir. 2008).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

[5]A single sentence in Stevenson's brief asserts, "The proofs amply demonstrate that [Stevenson's] thoracic outlet syndrome substantially limit [*sic*] her major life activities." (Br. of Appellant at 27.)  In the District Court, Defendants contended Stevenson was not substantially limited in any major life activities.  Dismissing her claims, the District Court noted that Stevenson "fail[ed] to specifically address her physical limitations," choosing instead to contest disability only under the regarded-as prong.  (J.A. 16.)  "[F]ailure to raise an issue in the District Court results in its waiver on appeal."  *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006).

The Rehabilitation Act prohibits discrimination against qualified individuals with disabilities. 29 U.S.C. § 794 (2006). At the time of the events in this case, the Act defined "individual with a disability" as any person who

(i)     has a physical or mental impairment which substantially limits one or more of such person's major life activities;
(ii)    has a record of such an impairment; or
(iii)   is regarded as having such an impairment.

29 U.S.C. § 705(20)(B) (2006). An individual is disabled under the "regarded as" prong only if she is regarded as having a certain kind of impairment—one that "substantially limits one or more . . . major life activities." *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). Even if the employer knows of an employee's impairment and denies the employee an advancement, without more the employee is not an "individual with disability" under the regarded-as prong. *See Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002). The employer must "entertain misperceptions about the individual—it must believe either that [the employee] has a substantially limiting impairment that [she] does not have or that [she] has a substantially limiting impairment when, in fact, the impairment is not so limiting." *Sutton*, 527 U.S. at 489; *see also Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 190–92 (3d Cir. 1999) (requiring, under the regarded-as prong, that the employer entertain misperceptions about the severity of the impairment).

For purposes of summary judgment in this case, we assume the Postal Service denied Stevenson's bid because she was in a rehabilitation status job. We also assume

8

she was in the rehabilitation status job because she was impaired. Neither of these factual bases support the inference that the Postal Service regarded Stevenson as having a *substantially limiting* impairment. Stevenson's actual impairment was both short of substantially limiting and sufficient to qualify her for a rehabilitation position. But Stevenson does not suggest the Postal Service misperceived the limitations her impairments placed on her, and she identifies no major life activity the Postal Service mistakenly believed her impairments to substantially limit.[6] Absent a basis for this kind of misperception, no genuine issues of fact exist that would support a finding that Stevenson is an individual with disability under the Act.

V.

Accordingly, we will affirm the District Court's judgment in its entirety.

---

[6]Even if the Postal Service regards Stevenson as disabled in the major life activity of work, Stevenson provides no explanation of how the Postal Service misperceived her impairment as it relates to that major life activity.