Robert FLOWERS, Plaintiff-Appellant,

v.

CROUCH–WALKER CORPORATION,
Defendant-Appellee.

No. 74–1163.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 22, 1974.

Decided Dec. 18, 1974.

Rehearing Denied Jan. 13, 1975.

George F. Galland, Jr., Chicago, Ill., for plaintiff-appellant.

John J. Henely, Chicago, Ill., for defendant-appellee.

Before CUMMINGS and TONE, Circuit Judges, and WYZANSKI, Senior District Judge.*

PER CURIAM.

This is an appeal from a judgment for the defendant entered by the United States District Court for the Northern District of Illinois upon a complaint alleging a violation of Title VII of the United States Civil Rights Act of 1964 (42 U.S.C. § 2000e) as well as a violation of the United States Civil Rights Act of 1866 (42 U.S.C. § 1981). The principal point which requires our consideration is whether the manner in which this case was referred by the district court to a magistrate pursuant to its Local Magistrates Rule 1, subd. D(2)(b)(i) was permissible in view of specific provisions of the Civil Rights Act of 1964, general standards appropriate for the trial of cases in the United States District Court, the inhibitions of Article III of the United States Constitution, and the due process clause of the Fifth Amendment to the United States Constitution.

In view of what is the dominant issue before us, we may be brief with respect to the description of the allegations in the complaint which was filed on September 15, 1972.

Plaintiff alleged that defendant violated the two statutes already cited by dis-

* Senior District Judge Charles Edward Wyzanski, Jr., of the District of Massachusetts, is sitting by designation.

charging him on account of his race from a job at the Standard Oil Building in Chicago in February 1972.

When the case was filed in the district court, which ordinarily, under its General Rule 10, in the generality of cases provides for an immediate assignment of a newly-filed case to a particular judge, the clerk instead assigned it immediately to Magistrate Jurco. This assignment was in accord with the special provisions of the court's Magistrates Rules governing actions brought under Title VII, Subchapter VI, of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), as those provisions are interpreted and applied by the court. The full text of the relevant magistrates rule to which reference has just been made follows.

Local Magistrates Rule 1, subd. D(2)(b) provides:

> D. Pursuant to Section 636(b), Title 28, United States Code, each full-time magistrate is assigned and shall perform the following additional duties anywhere in this district and for those purposes is hereby granted the following plenary powers:
>
> .    .    .    .    .
>
> (2) Civil Proceedings.
>
> .    .    .    .    .
>
> (b) To consider all motions and, where appropriate, [prepare] findings of fact and proposed conclusions of law in the following non-jury matters:
>
> (i) Actions brought under Title VII, Subchapter VI, 42 U.S.C. § 2000e, et seq., for discrimination in equal employment opportunity; .    .    ..

Magistrate Jurco conducted pre-trial conferences, supervised discovery, and received status reports. When on February 1, 1973 discovery had largely been completed, the clerk assigned the case to District Judge McLaren. On February 12, Judge McLaren referred the case back to Magistrate Jurco to hold further conferences and prepare a final pre-trial order. After having held a pre-trial conference on April 13, 1973 and approved a pre-trial order on April 19, 1973, she returned the case to Judge McLaren to be set for trial. On May 7, 1973 Judge McLaren, using a standard form and without purporting in any way to exercise a discriminating judgment with respect to this particular case or its relation to his total docket, entered the following order without advance notice to the parties or hearing and without requesting of them whether they would prefer to wait beyond June 7, 1973 rather than to have the case tried by a magistrate:

> This matter has been assigned to this Court since February 7, 1973 but cannot be scheduled for trial by June 7, 1973 owing to the priority required to be accorded to criminal cases. Accordingly, pursuant to 42 U.S.C. § 2000e–5(f)(5), this cause is hereby referred to United States Magistrate Olga Jurco as a master for the preparation of a report, including findings of fact and conclusions of law. Fed.R. Civ.P. 53.

Magistrate Jurco held a trial June 26, 1973, and received testimony of witnesses whose stories conflicted and whose credibility was necessarily drawn into dispute. Believing defendant's witnesses, Magistrate Jurco prepared a report and recommendation that the complaint should be dismissed because plaintiff was laid off not for racial reasons but because of poor work.

Plaintiff filed objections to the Magistrate's report, and they, together with the record, were received by Judge McLaren. He did not conduct any hearing, nor did he ever see the witnesses whose credibility was in dispute. On November 29, 1973, he issued findings and conclusions upholding Magistrate Jurco's report in all essential respects and entered judgment for the defendant.

■ We start with the undoubted proposition that there is no constitutional provision, no specific statute, and no rule approved by the Supreme Court of the United States, or indeed by this court, which authorizes the assignment of cases by clerks of court to magistrates. There

are, of course, provisions for assignment to magistrates by judges.

Next, we note that there is in Rule 53 of the Federal Rules of Civil Procedure the clear statement that "a reference to a master shall be the exception and not the rule . . . [and] shall be made only upon the showing that some exceptional condition requires it." Without pausing for additional citations, it will be sufficient to refer to a celebrated case coming from this circuit in which the Supreme Court added sinew to the rule. LaBuy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957). See also In re Irving-Austin Building Corporation, 100 F.2d 574 (7th Cir. 1938); Adventures in Good Eating v. Best Places to Eat, 131 F.2d 809 (7th Cir. 1942).

Beyond the generally applicable standards governing assignment of cases to magistrates, we now turn to the specific provisions in Title VII of the Civil Rights Act of 1964, more particularly § 706(f)(4) and (5) (42 U.S.C. § 2000e–5(f)(4) and (5)), which provide:

> § 706(f)(4). It shall be the duty of the chief judge of the district (or in his absence, the acting chief judge) in which the case is pending immediately to designate a judge in such district to hear and determine the case. In the event that no judge in the district is available to hear and determine the case, the chief judge of the district or the acting chief judge, as the case may be, shall certify this fact to the chief judge of the circuit (or in his absence, the acting chief judge), who shall then designate a district or circuit judge of the circuit to hear and determine the case.

> § 706(f)(5). It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. If the judge has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge may appoint a master pursuant to rule 53 of the Federal Rules of Civil Procedure.

■ Against the background just cited, we think it plain that, as here applied, and indeed apparently as applied under all cases brought under the Civil Rights Act of 1964, Rule 1, subd. D(2)(b)(i) of the Local Magistrates Rules adopted by the United States District Court for the Northern District of Illinois is invalid because it is so plainly repugnant to the letter and the spirit of § 706(f)(4) and (5) of the Civil Rights Act of 1964.

In language that is unmistakably clear, Congress has imposed upon the judges of the court themselves the duty to assign cases under the Civil Rights Act of 1964. It has indicated a preference to have the case heard by a judge, and has authorized the appointment of a master to hear such a case only when a particular judge has determined that that specific case cannot be heard within 120 days after issue has been joined.

Inasmuch as the rule adopted by the Northern District of Illinois flouts the statute, we find it unnecessary to consider the broader questions: whether the principle of the LaBuy case interpreting Rule 53 of the Federal Rules of Civil Procedure, or the radiations of Article III of the United States Constitution, or the restraints of the due process clause of the Fifth Amendment to the United States Constitution would also condemn the local rule.

We, of course, recognize that in following the local rule, Judge McLaren deferred to his brethren's action and is subject to no personal criticism for the way he made the reference or conducted this case. Indeed, he painstakingly went over the formal record and made his own findings and conclusions, even though he did not see the witnesses ore tenus.

In accordance with the foregoing, the judgment is vacated; the case is returned to the Clerk of the district court with instructions to draw the case by lot for assignment to some judge of that court, so that he may proceed in accordance with the law.