8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank McDOWELL, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, of USPS, Defendant-Appellee.
 No. 93-15156.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank McDowell appeals pro se from the district court's entry of summary judgment in favor of the defendant in this Title VII employment discrimination action, arguing that the district court erred by entering summary judgment without granting McDowell leave to amend his complaint. We reject these contentions and affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 McDowell was suspended from his job as a postal employee following his arrest on felony drug charges. The United States Postal Service later reinstated McDowell with back pay after a jury acquitted him of those charges. McDowell then filed the instant pro se Title VII employment discrimination action against the Postmaster General, alleging that his suspension had been pretextual and racially motivated. The defendant moved for summary judgment, and McDowell sought leave to amend his complaint to add claims under the First, Fourth, and Fourteenth Amendments.
 
 
 4
 The district court entered summary judgment in favor of the defendant on the Title VII claims, denied McDowell's request to amend his complaint to add the First and Fourteenth Amendment claims, and ordered additional briefing on the question of whether to allow the Fourth Amendment claim. The defendant then moved for summary judgment on the Fourth Amendment claim, to which McDowell filed an elaborate response. The district court granted the defendant's motion and entered judgment against McDowell. McDowell has timely appealed.[1]
 
 DISCUSSION
 I. Fourth Amendment Claim
 
 5
 McDowell first argues that he should have been allowed to amend his complaint by adding a Fourth Amendment claim based on the allegedly unauthorized inspection of his work locker. This contention is without merit. USPS regulations state that postal worker lockers are subject to inspection, and the collective bargaining agreement between USPS and its employees provides that lockers are subject to search at any time so long as either the locker's owner or the union steward is present or, in the absence of the owner or steward, if criminal activity is reasonably suspected. It is largely due to these facts that postal workers have no reasonable expectation of privacy under the Fourth Amendment in their work lockers. United States v. Bunkers, 521 F.2d 1217, 1221 (9th Cir.), cert. denied, 423 U.S. 989 (1975). As McDowell was present when his locker was inspected, the inspection comported with USPS regulations and the collective bargaining agreement, and was clearly the result of his having been arrested on felony drug charges, it cannot be said that the district court erred in concluding that McDowell could not have stated a claim under the Fourth Amendment. See id.
 
 II. First and Fourteenth Amendment Claims
 
 6
 McDowell next argues that he should have been permitted to amend his complaint by adding claims under the First and Fourteenth Amendments, based on allegations that his suspension had been a reprisal for his having previously filed a complaint with the EEOC, and that the procedures used in his grievance arbitration had been defective. These contentions are equally meritless.
 
 
 7
 Federal employees cannot assert extra-statutory claims for violations arising out of the employment context where adequate statutory procedures exist for dealing with such claims. Williams v. United States Gen. Servs. Admin., 905 F.2d 308, 311 (9th Cir.1990). Although remedies for unconstitutional actions other than employment discrimination are not barred by Title VII, Arnold v. United States, 816 F.2d 1306, 1311 (9th Cir.1987), Title VII is the exclusive remedy for the kinds of claims advanced by McDowell here. See, e.g., White v. General Servs. Admin., 652 F.2d 913, 916-17 (9th Cir.1981) (retaliation). The district court did not err in ruling as it did on this point.
 
 III. Title VII
 
 8
 McDowell's final argument is that the district court should not have granted summary judgment on the Title VII claim. We disagree. As the district court made clear in its careful and well reasoned decision of May 6, 1992, McDowell failed to make out a prima facie case on either of his two Title VII claims, viz., (1) discriminatory treatment on the basis of race and/or (2) retaliation for having filed an EEOC complaint. As for the first claim, McDowell offered nothing in support of his contention that his post-arrest suspension from work was in any way connected with his being black. Indeed, the only evidence directly on point showed that suspensions routinely followed arrests, regardless of the postal worker's race. Having failed to make out a prima facie case, McDowell cannot complain of the court's ruling on this point. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 9
 McDowell's second claim suffers from the same defect, i.e., he simply failed to offer any evidence in support of his contention that his suspension was the result of his having previously filed an EEOC complaint rather than because of his having been arrested on felony drug charges. McDowell's failure to make out a prima facie case effectively mandated the district court's ruling on this portion of his Title VII claim. See Miller v. Fairchild Indus., 797 F.2d 727, 730-31 (9th Cir.1986), cert. denied, 494 U.S. 1056 (1990).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On the thirtieth day after entry of judgment in favor of the defendant, McDowell filed a thick set of documents with the district court entitled "Appeal Summary Judgment [sic]/Ninth Circuit Court/Denial to Amend Civil Violation/Ninth Circuit Court." See CR 50. Although the docket sheet indicates that the district court clerk elected to treat the filing as a brief, we construe it as McDowell's notice of appeal. See Fed.R.App.P. 3(c). Because this notice was filed well within the requisite 60-day time limit of Fed.R.App.P. 4(a)(1), we deem McDowell's subsequent (and otherwise untimely) filing of January 14, 1993 to be of not consequence to this appeal