56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James LOCKHART, Plaintiff-Appellant,
v.
William REED; Stephen E. Paul; Defense Contract Audit
Agency, Defendants-Appellees.
 No. 94-56179.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, and HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Lockhart appeals pro se the district court's dismissal of his complaint for lack of subject matter jurisdiction. On appeal, Lockhart contends that the district court erred by: (1) dismissing his complaint; and (2) denying his application for a temporary restraining order. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In his complaint, Lockhart, who was employed by the Defense Contract Audit Agency ("DCAA") for approximately five years, alleged that the DCAA and his DCAA supervisors removed him from his position as auditor in violation of various amendments to the United States Constitution as well as 42 U.S.C. Secs. 1981, 1984, 1985, 1986, and 1988. More specifically Lockhart contended that: (1) defendants' removal decision constituted a "selective prosecution[]" of him "solely based on his race or color," and (2) DCAA's removal "charges [were] a mere pretext to provide color for the defendants [sic] latest efforts to punish plaintiff for exercising his lawful and constitutional right to equal protection of the laws and equal rights under the laws, including the right to assert his employee rights without the constant threat of defendants looking to selectively prosecute plaintiff by removal actions."
 
 
 4
 His complaint also stated that he had two pending complaints before the EEO, one concerning the delay in his promotion, the other concerning the decision to fire him, and that he sought a temporary restraining order because the EEO was not authorized to grant such relief pending their disposition of his complaints.
 
 
 5
 By order entered May 18, 1994, the district court dismissed Lockhart's complaint for lack of subject matter jurisdiction, ruling that despite Lockhart's alleged violations of various constitutional amendments and federal law other than Title VII, the exclusive judicial remedy for claims of discrimination in federal employment was a suit under Title VII, 42 U.S.C. Secs. 2000e, et seq., and that Lockhart had failed to exhaust his administrative remedies as required under Title VII.
 
 
 6
 The existence of subject matter jurisdiction is a question of law which we review de novo. Nike, Inc. v. Comercial Iberica De Exclusivas, 20 F.3d 987, 990 (9th Cir. 1994).
 
 
 7
 Title VII of the Civil Rights Act of 1964, as amended, is the exclusive judicial remedy for claims of discrimination in federal employment. Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976). Other remedies for discrimination in federal government are, thus, pre-empted by Title VII. Id. at 832, 835 ("[i]t would require suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading"); White v. General Servs. Admin., 652 F.2d 913, 916-917 (9th Cir. 1981) (claims asserted under 42 U.S.C. Secs. 1981, 1982, 1983, 1985, 1986, 2000d, and the Constitution precluded by Title VII).
 
 
 8
 Here, Lockhart has asserted that defendants violated his rights under 42 U.S.C. Secs. 1981, 1984, 1985, 1986, and 1988, as well as the Constitution when they removed him from his position as auditor because of his race or color. As such, he has stated a discrimination claim under Title VII which precludes him from asserting claims under other federal statutes or the Constitution. Id.
 
 
 9
 In addition, because Lockhart's claim is properly brought under Title VII, he was required to exhaust his administrative remedies prior to filing his complaint in the district court. See 42 U.S.C. Sec. 2000e-16; Brown, 425 U.S. at 832 (exhausting administrative remedies is a precondition to filing a Title VII action). As Lockhart concedes, he has not done so here.
 
 
 10
 Accordingly, the district court properly dismissed Lockhart's complaint for lack of jurisdiction.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3