94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank O. CHIMA, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF DEFENSE; William J. Perry;
Robert L. Ketts, Captain; Richard Martin; Fred
Ulery; John O'Neal; Elizabeth Miladin,
Barbara Giles; Harvey Jansen,
Defendants-Appellees.
 No. 95-55250.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided Aug. 16, 1996.
 
 Before: REINHARDT, HALL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chima appeals the district court's dismissal of his Title VII claims for failure to exhaust his administrative remedies, and its dismissal with prejudice of his non-Title VII claims on the basis that Title VII is the exclusive remedy for discriminatory employment practices by a federal agency.
 
 
 3
 The government argues that Chima failed to exhaust his administrative remedies before filing suit in district court. In general, employees asserting Title VII claims must first exhaust their administrative remedies. Brown v. General Services Administration, 425 U.S. 820, 832 (1976). Chima filed a complaint with the Merit Systems Protection Board (MSPB). He then petitioned the Office of Federal Operations (OFO), the appellate division of the Equal Employment Opportunity Commission (EEOC), for review of the MSPB's decision. In dismissing his petition, the EEOC issued Chima a notice on May 6, 1994 that stated:
 
 
 4
 This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court ... WITHIN NINETY (90) CALENDER DAYS from the date you receive this decision.
 
 
 5
 Because the notice from the EEOC informed Chima that he had a right to pursue an administrative appeal or to file an action in district court, we find that the government waived any argument that Chima exhaust his administrative remedies and any argument that he failed to do so. Because Chima filed his action within the time specified by the right-to-sue notice, we conclude that the action was properly before the district court. Accordingly, we reverse and remand to the district court for adjudication of Chima's Title VII claims.
 
 
 6
 The district court correctly dismissed Chima's Title VII claims against the individual defendants. We have held that a federal employee may not assert a Title VII claim against individual federal employees. Williams v. General Services Admin., 905 F.2d 308, 311 (9th Cir.1990). We therefore affirm the district court's decision to dismiss with prejudice Chima's Title VII claims against the individual defendants.
 
 
 7
 In Brown, the Supreme Court held that Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment. 425 U.S. at 835. Due to its comprehensive scope, Title VII preempts other causes of action seeking to redress the same wrong, including tort claims or constitutional claims based upon the same discriminatory employment actions. Id; Williams v. General Serv. Admin., 905 F.2d 308, 311 (9th Cir.1990). Although "Title VII does not preclude separate remedies for unconstitutional action other than discrimination," White v. General Serv. Admin., 652 F.2d 913, 917 (9th Cir.1981), all of Chima's claims are based upon employment actions taken by his supervisors allegedly due to either discrimination or reprisal. Thus, Title VII is his exclusive remedy, Williams, 905 F.2d at 311, and we affirm the dismissal of his non-Title VII claims.
 
 
 8
 Accordingly, we reverse and remand for adjudication of Chima's Title VII claims against the Secretary of Defense. We affirm the dismissal of Chima's Title VII claims against the other defendants and the dismissal with prejudice of Chima's non-Title VII claims.
 
 
 9
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3