112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey JOERGER, Plaintiff-Appellant,
v.
Janet RENO, Attorney General, Defendant-Appellee.
 No. 96-56200.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Joerger appeals pro se the district court's grant of summary judgment in favor of the United States Attorney General in his Title VII employment discrimination action alleging that he was retaliated against by the Federal Bureau of Investigation (FBI) for filing an Equal Employment Opportunity (EEO) complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. See id.
 
 A. Background
 
 4
 Joerger was employed by the FBI as a foreign language specialist in the FBI's New York office. After a supervisor requested that Joerger be transferred to FBI headquarters in Washington, D.C., for mental health reasons, Joerger filed an EEO complaint alleging discrimination on the basis of disability. This complaint was settled in June, 1988.
 
 
 5
 In 1990, Joerger was transferred to the FBI's Los Angeles office. After Joerger was given an "unacceptable" performance appraisal and placed on a sixty-day administrative warning period for low productivity, he filed an EEO complaint alleging that two of his supervisors in the FBI's Los Angeles office were aware of the EEO complaint that he had filed while employed in the FBI's New York office, and were retaliating against him on that basis. The Equal Employment Opportunity Commission resolved Joerger's complaint in favor of the United States Attorney General, concluding that Joerger had failed to establish a prima facie case of retaliatory discrimination because there was no evidence that Joerger's supervisors in Los Angeles were aware that he had filed an EEO complaint in New York. Joerger brought this Title VII action, and the district court granted defendant's motion for summary judgment.
 
 B. Discussion
 
 6
 Title VII of the Civil Rights Act of 1964 prohibits retaliation against an individual because of his or her participation in the EEO process. See White v. General Servs. Admin., 652 F.2d 913, 917 (9th Cir.1981); 42 U.S.C. § 2000e-3(a) (1996). The initial burden lies with the plaintiff to establish a prima facie case of discrimination. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). To establish a prima facie case of retaliation, a plaintiff must show that: (1) he or she participated in the EEO process; (2) he or she received adverse treatment from the employer; and (3) there was a causal connection between the protected activity and the adverse treatment. See Miller v. Fairchild Indus., 797 F.2d 727, 731 (9th Cir.1986).
 
 
 7
 The district court properly granted summary judgment to the United States Attorney General because Joerger failed to establish a prima facie case. While there is no dispute that Joerger satisfied the first two prongs of his prima facie case, Joerger failed to present any evidence that his supervisors in Los Angeles were aware that he had previously filed an EEO complaint in New York. In their affidavits, both supervisors denied any knowledge of Joerger's prior participation in the EEO process, and stated that, while Joerger's personnel file did contain certain unfavorable statements from his superiors in New York regarding his work performance, nothing in the file indicated that Joerger had been involved in the EEO process. Moreover, none of the documents from his personnel file, which Joerger argues put his supervisors in Los Angeles on notice that he had filed an EEO complaint in New York, refer to an EEO complaint or the EEO process.
 
 
 8
 Because Joerger failed to present any evidence of a causal connection between the filing of his EEO complaint in New York and the adverse treatment he received in Los Angeles, Joerger failed to establish a prima facie case of retaliatory discrimination. Accordingly, the district court properly granted summary judgment to the defendant. See Miller, 797 F.2d at 731.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Joerger also argues that the district court erred by failing to grant his request for an extension of a discovery deadline "as a pro se plaintiff." We disagree. A pro se litigant is obligated to "follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987)