**Michael GOMEZ, Plaintiff—Appellant,**

v.

**UNITED STATES POSTAL SERVICE; William J. Henderson; Mike Severin, Defendants—Appellees.**

No. 00–17402.

D.C. No. CV–99–00673–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2002.*

Decided March 22, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See     Fed. R.App. P. 34(a)(2).

Before THOMPSON, W. FLETCHER, and BERZON, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM **

In this employment discrimination case, Michael Gomez appeals the district court's order dismissing his case and granting summary judgment in favor of the United States Postal Service. Gomez, a male Hispanic who was born in the United States and is of the Roman Catholic faith, contends that his employment with the Postal Service was terminated on account of his race, color, religion, national origin, and physical disability. He also contends that the Postal Service retaliated against him for filing discrimination complaints and a workers compensation claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I. Title VII of the Civil Rights Act

Before bringing a Title VII claim in federal court, an aggrieved Postal Service employee must first pursue applicable administrative remedies, which include filing an informal complaint for counseling and, subsequently, filing a formal administrative complaint. *See* 29 C.F.R. § 1614.105 (informal counseling); 29 C.F.R. § 1614.106 (formal complaint); *Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir.2001). Gomez lodged informal and formal complaints, containing various allegations of disparate treatment and retaliation.

We need not address the merits of Gomez's first complaint because he entered into a written settlement agreement with the Postal Service that waived his rights with respect to the allegations contained in it. *See EEOC v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 616 (9th Cir.1988) (citing *Alexander v. Gardner–Denver Co.*, 415

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

U.S. 36, 52, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)).

■ We also need not consider the merits of Gomez's second and third complaints. In both cases, Gomez filed *informal* requests for counseling; he neglected, however, to file *formal* complaints. Consequently, he failed to exhaust his administrative remedies and is barred from seeking judicial review of these allegations. *Sommatino,* 255 F.3d at 707–09. Gomez argues that exhaustion of administrative remedies should be excused on the ground that it would have been futile. We disagree. Gomez has not satisfied his burden of presenting " '[o]bjective and undisputed evidence of administrative bias [that] would render pursuit of an administrative remedy futile.' " *Anderson v. Babbitt,* 230 F.3d 1158, 1164 (9th Cir.2000) (quoting *Joint Bd. of Control of Flathead, Mission and Jocko Irrigation Districts v. United States,* 862 F.2d 195, 200 (9th Cir.1988)).

■ Gomez's fourth complaint, alleging retaliation and disparate treatment, arises from an interview conducted by his supervisor, Josephine Derby, to investigate an incident of reported sexual harassment. On this claim, Gomez did not establish a prima facie case of retaliation. Even if Gomez suffered an adverse employment action, he has failed to show a "causal link" between the employment action and the protected activity, as there is no evidence that Derby had any knowledge of Gomez's prior discrimination complaints when she conducted the interview and denied his request to change his work schedule. *Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir.2000); *see also Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 797 (9th Cir.1982).

Gomez's claim of disparate treatment is also without merit. He has not carried his burden of establishing a prima facie case of discrimination because he has failed to present evidence that similarly situated employees outside of his protective class were treated more favorably. *See Washington v. Garrett,* 10 F.3d 1421, 1433–34 (9th Cir.1993).

Gomez filed his fifth complaint when his supervisor, Michael Severin, sought to terminate his employment in 1996 for failing to work in a safe manner.[1] Gomez alleges that he was singled out because of his race, national origin, and sex, and in retaliation for his prior discrimination complaints.

■ With regard to his disparate treatment claim, Gomez has not carried his burden of presenting evidence that similarly-situated non-minority employees were treated differently with respect to safety rule violations. *See Garrett,* 10 F.3d at 1433–34. He attempts to satisfy this burden by relying on a petition and various statements from his co-workers that, at best, show that safety regulations were enforced haphazardly. However, none of this evidence raises an inference that the Postal Service treated employees differently on account of their race, ethnicity, national origin, religion, or gender.

■ On his retaliation claim, again Gomez has not shown a "causal link" because there is no evidence that Severin was aware of Gomez's prior discrimination complaints when he issued the Notice of Removal. *See Ray,* 217 F.3d at 1240; *Cohen,* 686 F.2d at 797.

■ Gomez filed his sixth discrimination complaint after Severin issued another Notice of Removal. This Notice of Removal was issued as a result of Gomez's attendance problems. The Notice states that Gomez was absent or tardy a total of 25

---

1. As a result of a union grievance and subsequent arbitration, this termination was eventually reduced to a letter of warning with back pay.

times during the 13–month period from June 17, 1996 through July 31, 1997. In addition to these 25 incidents, the Notice relates Gomez's prior history of excessive absences. Gomez alleges that he was terminated because of his race, religion, and sex, and in retaliation for his prior discrimination complaints. Once again, Gomez has not established a prima facie case of disparate treatment because he has not presented any evidence that similarly situated non-minority employees were treated differently. *See Garrett,* 10 F.3d at 1433–34.

■ With regard to his retaliation claim, the district court concluded, and the Postal Service concedes, that Gomez established a prima facie case, because this time Severin was aware of Gomez's prior discrimination complaints when he issued the Notice of Removal. *See Cohen,* 686 F.2d at 797. Nonetheless, the Postal Service satisfied its burden of articulating a legitimate non-discriminating reason for terminating Gomez by pointing to his irregular attendance. This shifted the burden back to Gomez to produce evidence that the reason was a pretext for discrimination. *See Ray,* 217 F.3d at 1240. Gomez did not do so.

## II. Rehabilitation Act

■ Gomez contends that his absences were a result of disabilities and that the Postal Service violated the Rehabilitation Act, 29 U.S.C. §§ 791, 794, by terminating him on account of these absences. He claims that he is disabled because he suffers from (1) back and spine injuries which prevent him from standing for long peri-

ods of time and (2) bilateral conjunctivitis, a condition that causes eye irritation and blurred vision.

Gomez, however, failed to establish that these impairments are disabilities within the meaning of the statute. See 29 U.S.C. §§ 705(20)(B), 794. He did not offer any evidence showing the nature and severity of his impairments, the duration or expected duration of the impairments, nor the expected permanent or long-term impact resulting from his impairments. 29 C.F.R. § 1630.2(j)(2). At most, Gomez appears to have suffered from temporary, non-chronic impairments rather than substantial limitations of a major life activity. 29 U.S.C. 705(20)(b); 29 C.F.R. app. § 1630.2(j).

## III. Civil Service Reform Act

■ Gomez contends that the Postal Service improperly fired him in retaliation for filing workers compensation claims, in violation of the Civil Service Reform Act, 5 U.S.C. § 2302(b)(9)(A).[2] This Act, however, does not provide a cause of action in federal court. Gomez's remedy, if any, is to appeal an adverse personnel decision to the Merit Systems Protection Board. *See* 5 U.S.C. §§ 1221, 7513(d).

## IV. State Law Claims

■ Finally, Gomez argues that the alleged discrimination committed by the Postal Service violates state law. However, Gomez's *exclusive* judicial remedies with regard to allegations of employment discrimination by the federal government are those set forth in Title VII and the Rehabilitation Act. *See Brown v. GSA,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402

---

**2.** Throughout his brief, Gomez incorrectly refers to this provision as part of the Whistleblowers Protection Act. The Whistleblowers Protection Act is codified in § 2302(b)(8) and prohibits an employer from taking a personnel action if the employee discloses informa-tion which evidences a violation of law or gross mismanagement or waste. Gomez instead is asserting a violation of 5 U.S.C. § 2302(b)(9)(A), which is part of the Civil Service Reform Act.

(1976); *Boyd v. USPS,* 752 F.2d 410, 413–14 (9th Cir.1985); *White v. GSA,* 652 F.2d 913, 916–17 (9th Cir.1981). He cannot augment those remedies with state law remedies.

AFFIRMED.