**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH ULLOA, | No. 10-16091 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01567-SMM |
| v. | |
| JOHN E. POTTER, Postmaster General, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted June 13, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE,[**] and GRABER, Circuit Judges.

Deborah Ulloa brought this action against her former employer, the United

States Postal Service ("Postal Service"). She alleged retaliation in violation of

Title VII of the Civil Rights Act of 1964, failure to accommodate in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kenneth F. Ripple, Senior Circuit Judge for the United
States Court of Appeals for the Seventh Circuit, sitting by designation.

the Rehabilitation Act of 1973 and violations of the Due Process Clause of the Fifth Amendment. Before the district court, both parties moved for summary judgment. The district court granted summary judgment in favor of the Postal Service on all claims. On appeal, Ms. Ulloa challenges the district court's decision on only two of those claims: retaliation and deprivation of a property interest without due process. For the reasons that follow, we vacate the judgment of the district court insofar as it dismissed the retaliation claim on the merits, and we remand with instructions for the district court to modify its judgment to dismiss the retaliation claim for want of jurisdiction. We affirm the district court's dismissal of the due process violation claim.

Because the factual and procedural history of this case is set forth fully in the district court's order, we do not recount those facts here. We review a district court's decision on cross-motions for summary judgment de novo, construing the facts in the light most favorable to the nonmoving party. See Bader v. N. Line Layers, Inc., 503 F.3d 813, 816 (9th Cir. 2007). We address, in turn, each of Ms. Ulloa's claims on appeal.

2

# I

Ms. Ulloa submits that the Postal Service retaliated against her in its processing of two personnel actions, known as PS Form 50s, in March 2005 ("March Form 50s"). She contends that these March Form 50s retroactively terminated her employment and also deprived her of more than $150,000 in compensation. The Postal Service claims that these forms were employed simply to calculate a back pay award from an earlier administrative proceeding before the Equal Employment Opportunity Commission ("EEOC").

Because Ms. Ulloa failed to bring this present retaliation claim before the EEOC, the district court lacked subject matter jurisdiction to consider this claim. We have held "that substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency <u>is</u> a jurisdictional prerequisite." <u>Sommatino v. United States</u>, 255 F.3d 704, 708 (9th Cir. 2001) (emphasis in original).

For the district court to have subject matter jurisdiction over Ms. Ulloa's current retaliation claim, that claim must either be "within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations" or be "like or reasonably related to the allegations made before the EEOC." <u>Leong v. Potter</u>, 347 F.3d 1117, 1122 (9th Cir. 2003) (internal quotation marks omitted).

Ms. Ulloa's current retaliation claim, based on actions occurring in March 2005, was never within the scope of an EEOC investigation. Her EEOC complaint was filed in 1992, and the EEOC issued a final decision by June 2000. After 2000, in her subsequent petitions before the EEOC, Ms. Ulloa did not raise the claim that the Postal Service had retaliated against her by processing the March Form 50s.

Ms. Ulloa's current retaliation claim is also not "like or reasonably related to the allegations made before the EEOC." Id. (internal quotation marks omitted). The dates, factual details and alleged perpetrators of the current retaliation claim are different from those of the prior EEOC allegations. Ms. Ulloa's current claim of retaliation is based on actions that occurred more than a decade after the retaliatory acts alleged in 1992. Moreover, the 1992 retaliation claim focused on her immediate supervisors when she worked at the Postal Service; the current claim, by contrast, alleges retaliation by employees who oversee EEOC compliance. Because Ms. Ulloa failed to present the current retaliation claim before the EEOC, the district court lacked subject matter jurisdiction to hear it. Accordingly, we vacate the judgment of the district court on Ms. Ulloa's retaliation claim, and we remand with instructions for the district court to modify its judgment to dismiss the retaliation claim for want of jurisdiction.

## II

The district court dismissed Ms. Ulloa's due process violation claim on the basis that Title VII is the exclusive remedy for federal employment discrimination. Her due process violation claim is, however, independent from her retaliation claim and therefore is not precluded by Title VII. Nonetheless, the claim fails on the merits because Ms. Ulloa cannot show deprivation of a property interest.

Title VII is the exclusive remedy for claims of discrimination in federal employment. Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976). Title VII, however, "does not preclude separate remedies for unconstitutional action other than discrimination." White v. Gen. Servs. Admin., 652 F.2d 913, 917 (9th Cir. 1981). Viewed in the light most favorable to Ms. Ulloa, her assertion of a due process violation is independent from her retaliation claim. In her complaint, Ms. Ulloa alleges that the March Form 50s retroactively terminated her job, a property interest, without affording her any process. Her due process violation claim therefore is not precluded by Title VII. See Arnold v. United States, 816 F.2d 1306, 1311 (9th Cir. 1987) ("Remedy for unconstitutional actions other than employment discrimination, even if arising from the same core of facts, is not barred by Title VII.").

Nevertheless, Ms. Ulloa's allegation fails on the merits because she cannot show deprivation of a property interest. See Gilbert v. Homar, 520 U.S. 924, 928 (1997); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). The processing of the March Form 50s did not retroactively terminate her and therefore did not deprive her of a job. The second March Form 50, labeled "Retirement-Disability," did change Ms. Ulloa's status from active back to disability retirement, but disability retirement was Ms. Ulloa's status prior to her reactivation. Although the March Form 50s did decrease the award of back pay because the back pay period was shortened, this reduction occurred only because the Postal Service and EEOC both determined that August 21, 1993 was the correct off-work status date. Ms. Ulloa had two opportunities to dispute this determination before the EEOC, which upheld August 21, 1993 as the correct off-work status date.

In sum, we vacate the judgment of the district court insofar as it dismissed the retaliation claim on the merits, and we remand with instructions for the district court to modify its judgment to dismiss the retaliation claim for want of jurisdiction. We affirm the district court's dismissal of the due process violation claim.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART WITH INSTRUCTIONS.** The costs are to be taxed against the appellant.