**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOLA BONITTA McGEE, | No. 19-17056 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01426-RFB-VCF |
| v. | |
| LOUIS DEJOY*, Postmaster General of the United States; et al., | MEMORANDUM** |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted September 8, 2020***

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Lola Bonitta McGee appeals pro se from the district court's summary

judgment in her employment action alleging federal claims.  We have jurisdiction

---

\*    Louis DeJoy has been substituted for his predecessor, Megan J. Brennan, as Postmaster General of the United States under Fed. R. App. P. 43(c)(2).

\*\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Shelley v. Geren*, 666 F.3d 599, 604 (9th Cir. 2012).  We affirm.

The district court properly granted summary judgment on McGee's Age Discrimination in Employment Act ("ADEA") claim as to thirteen of her seventeen non-promotions because McGee failed to raise a genuine dispute of material fact as to whether, prior to filing her Equal Employment Opportunity ("EEO") complaint, she contacted an EEO counselor within forty-five days of each non-promotion. *See Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (failure to comply with forty-five day requirement is "fatal to a federal employee's discrimination claim"); 29 C.F.R. § 1614.105(a)(1) (setting forth exhaustion requirement before filing EEO complaint).

The district court properly granted summary judgment on McGee's ADEA claim as to the remaining four of the seventeen non-promotions because McGee failed to raise a genuine dispute of material fact as to whether these promotions were given to a substantially younger person.  *See Shelley*, 666 F.3d at 608 (setting forth prima facie case for an ADEA failure-to-promote claim; the plaintiff must produce evidence that the promotion was given to a substantially younger person).

The district court properly dismissed McGee's Title VII and Rehabilitation Act claims because McGee failed to appeal the agency's final decisions within thirty days and failed to allege facts sufficient to show that equitable tolling should

apply. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (standard of review); *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003) (Rehabilitation Act borrows procedures from Title VII); 29 C.F.R. § 1614.402(a) (setting forth thirty-day period in which Title VII complainant may appeal agency's final decision); *see also Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) (setting forth test for equitable tolling on the basis of mental impairment).

The district court properly dismissed McGee's 42 U.S.C. § 1981 claim because Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment. *See White v. Gen. Servs. Admin.*, 652 F.2d 913, 916-17 (9th Cir. 1981).

The district court did not abuse its discretion by denying McGee's discovery motions because McGee failed to demonstrate that the denial of discovery resulted in actual and substantial prejudice to her. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We reject as unsupported by the record McGee's contentions that the district court engaged in improper conduct and was biased against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**